UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
~~PANAMA CITY~~ PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

PROVIDED TO
SANTA ROSA C.I. ON
MAR 0 4 2012
TLB
FOR MAILING

Tommy Lee Benton,

Inmate # GG1443.
(Enter full name of Plaintiff)

vs.

CASE NO: 3:12cv101-LC/EMT
(To be assigned by Clerk)

G. Wellhausen, Ronald K. Hodge,
Lisa Lawrence, Abner A. Bowen,
Howell B. Hewett, Jamie Green,
Timothy W. Armstrong, D. Peterson,
in their individual and official capacity.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

### I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Tommy Lee Benton
Inmate Number: 661443
Prison or Jail: Santa Rosa C.I.
Mailing address: 5850 East Milton Road
Milton, Florida
32583

### II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: G. Wellhausen
Official position: Secretary Representative
Employed at: Florida Dept. Corrections
Mailing address: 2601 Blair Stone Road
Tallahassee, Fl. 32399-2500

(2) Defendant's name: Ronald K. Hodge
Official position: Assistant Warden
Employed at: Jackson C.I.
Mailing address: 5563 10th Street
Malone, Fl. 32445-3144

(3) Defendant's name: Lisa Lawrence
Official position: Lieutenant
Employed at: Jackson C.I.
Mailing address: 5563 10th Street
Malone, Fl. 32445-3144

### ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

II. DEFENDANT(S):

(4). Defendant's name: Abner A. Bowen
Official Position: Lieutenant
Employed at: Jackson C.I.
Mailing address: 5563 10th Street
Malone, Florida 32445-3144

(5). Defendant's name: Howell Bret Hewett
Official Position: Classification Officer
Employed at: Jackson C.I.
Mailing address: 5563 10th Street
Malone, Florida 32445-3144

(6). Defendant's name: Jamie Green
Official Position: Correctional Officer
Employed at: Jackson C.I.
Mailing address: 5563 10th Street
Malone, Florida 32445-3144

(7). Defendant's name: Timothy W. Armstrong
Official Position: Correctional Officer
Employed at: Jackson C.I.
Mailing address: 5563 10th Street
Malone, Florida 32445-3144

(8). Defendant's name: D. Peterson
Official Position: Correctional Officer - Jackson C.I.
Employed at: 5563 10th Street
Mailing address: Malone, Florida 32445-3144

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(X)

1. Parties to previous action:
   (a) Plaintiff(s): _____
   (b) Defendant(s): _____
2. Name of judge: _____  Case #: _____
3. County and judicial circuit: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(X)   No( )

1. Parties to previous action:
   a. Plaintiff(s): _Tammy Lee Benton_
   b. Defendant(s): _Stephen Rousseau_
2. District and judicial division: _Middle District Orlando Division_
3. Name of judge: _Gregory J. Kelly_   Case #: _6:10-cv-00448-JA-GJK_
4. Approximate filing date: _March 22, 2010_
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

3

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.  Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
    Yes(X)                    No( )

   1. Parties to previous action:
      (a) Plaintiff(s): _Tammy Lee Benton_
      (b) Defendant(s): _Stephen Rousseau_
   2. Name of judge: _Gregory J. Kelly_       Case #: _6:10-cv-00448-JA-GJK_
   3. County and judicial circuit: _Federal Middle District Florida Orlando Div._
   4. Approximate filing date: _March 22, 2010_
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____
   7. Facts and claims of case: _1st and 14th amendment violations_

   **(Attach additional pages as necessary to list state court cases.)**

B.  Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

    Yes( )                    No( )

   1. Parties to previous action:
      a. Plaintiff(s): _____
      b. Defendant(s): _____
   2. District and judicial division: _____
   3. Name of judge: _____       Case #: _____
   4. Approximate filing date: _____
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____

    7.    Facts and claims of case: _1st and 14th amendment violations by the Defendants._

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

    Yes( )                    No(X)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

    Yes( )                    No(X) _Not that I can remember._

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

4

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(1). On October 14, 2011, the Plaintiff was confined by the Florida Department of Correction at Jackson Correctional Institution in Unit H-2110, prior to this day Plaintiff and his cellmate Colwood Dunkley, #183264, had received disciplinary hearings and we had asked Officer Jamie Green for inmate grievance forms and inmate request forms everyday for a week or longer, the only thing Officer Green would state is "now is not the time," and he neglected to provide the requested forms as required by the Florida Department of Corrections established policies and procedures.

(2). On the day in question Lieutenant Lisa Lawrence entered the unit to make her mandatory visual walk through. When Lt. Lawrence approached my cell, I informed her that Officer Green has been depriving me my right of redress by denying me grievances and request forms which was one of his mandatory duties. As a direct result of my complaint of this prohibited practice Lt. Lawrence provided me a grievance form but failed to locate any inmate request forms and walked away without any further comments. The very next day the Plaintiff received a disciplinary report without any warning for 9-10 (Lying To Staff) Log #104-111064. Lt. Lawrence submitted the report against Plaintiff for his freedom of speech in his complaint of Officer Green's prohibited actions. Had the Plaintiff knew that his complaint would lead to Officer Green and

5

Lt. Lawrence's conspiracy to submit a fabricated disciplinary report against him he would never have made the complaint to Officer Green's supervisor. As a direct result of Lt. Lawrence and Officer Green's unconstitutional acts Plaintiff suffered sixty (60) days disciplinary confinement and a loss of all earned gain time.

(3). Plaintiff was then placed in cell #2219 with Inmate Celso Perez, #W35913. After becoming acquainted with Celso Perez, he informed Plaintiff that he was in confinement by alledgedly lying to staff by order of Lt. Lisa Lawrence and he was sentenced to sixty (60) days disciplinary confinement and the loss of no gain time. Plaintiff contends that he and Celso Perez received the same alledged infraction around the same time but Perez received more favorable treatment due to him appearing to be of the caucasian race. As a result he didn't lose any of his earned gain time when the Plaintiff lost all of his earned gain time. The Plaintiff also contends that the sole purpose for the disciplinary hearing team taking all of his earned gain time was because of the hearing team's bias and their racial discrimination toward him. Plaintiff contends that the Hearing Team's Chairman Howell Bret Hewett and the Team's Member Abner A. Bowen did not take any of the Hispanic or the Caucasian Inmates earned gain time only the Plaintiff and other Black Inmates earned gain time. Defendants Hewett and Bowen knew or should have known that their racial acts did deprive Plaintiff of his rights to equal protection of the law. They also know that the evidence relied on was insufficient to support the infraction.

(4). On October 23, 2011, Plaintiff appealed the hearing team's decision to Assistant Warden Ronald K. Hodge, who denied the appeal stating that Plaintiff refused to be interviewed which is not true. What Mr. Hodge failed to acknowledge is that Officer D. Peterson was assigned to investigate the alledged infraction and obtain witness statements

V. Continuation   "Statement Of Facts"

and all other evidence, however, Officer Peterson failed to collect the statements or any evidence by allowing Officer Timothy W. Armstrong to stop her investigation when he was not assigned to conduct the investigation. The Plaintiff was denied procedural due process during his disciplinary investigation by both Officer Peterson and Officer Armstrong. And Assistant Warden Hodge allowed the violation of my rights to a fair and constitutional disciplinary hearing and investigation. I don't know why Officer Peterson allowed Officer Armstrong to encourage her to violate the Plaintiff's right. As the employee assigned to the investigation Officer Peterson had a mandatory duty to obtain the Plaintiff's statement and that of his witnesses which she neglected to do. In failing to do so Officer Peterson denied the Plaintiff his rights of procedural due process.

(5). On October 19, 2011, Officer Armstrong was not the investigating officer for my disciplinary infraction and did not have the legal authority to stop Officer Peterson's investigation being that the both of them maintain the rank. Therefore, Officer Peterson should have concluded the investigation as her duty required her to do. By neglecting to do so both Officer Peterson and Officer Armstrong knew they was denying the Plaintiff his constitutional right to an impartal disciplinary hearing. Their actions deprived Plaintiff of his protected right of due process.

(6). On October 23, 2011, Plaintiff appealed the Hearing Team's decision of guilty of the infraction 9-10 "Lying To Staff" to the Warden. However, the Assistant Warden Ronald K. Hodge was the responding administrator on November 4, 2011. In his response and his denial of my appeal he stated that the Plaintiff refused to be interviewed and refused to sign the witness disposition form or

V. Continuation "Statement Of Facts"

the documentary or physical evidence disposition forms. Mr. Hodge refused to investigate Plaintiff appeal because his cellmate Colwood Dunkley, #L83264, would have verified that Officer Peterson allowed Officer Armstrong to take charge of the investigation and ending it without obtaining the legally required documents. Therefore, Assistant Warden Hodge knowingly deprived Plaintiff of his protected rights of a impartial investigation, disciplinary hearing and a fair appeal.

(7). On November 14, 2011, Plaintiff appealed Mr. Hodge's decision to the Secretary, of Florida Department of Corrections. On November 21, 2011, Plaintiff's appeal was responded to and returned by G. Wellhausen denied, simply stating, "The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level." The Defendant G. Wellhausen refused to investigate my appeal and denied it based on Defendant Hodge's impartial decision. On October 23, 2011, Plaintiff submitted an emergency grievance to the Secretary by passing the institutional level. Plaintiff informed the Secretary that Defendant's Lawrence and Green conspired to fabricate the disciplinary infraction of 9-10 for Lying To Staff. On October 31, 2011, Defendant G. Wellhausen responded to the emergency grievance state's "As action has been initiated, you may consider your appeal approved from that standpoint." Plaintiff consider his emergency grievance approved as stated by Defendant Wellhausen, but nothing has been said or done in reference to the emergency grievance being approved. Therefore, Defendant Wellhausen, has deprived Plaintiff of his rights of procedural due process of the grievance procedures.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Defendant Green, deprived Plaintiff of grievances and requests, due process violation. V.(1). Retaliation against Plaintiff by Defendant Lawrence and Green for challenging his condition of his confinement which violates Plaintiff's right to the first amendment. V.(2). Defendants Hewett and Abner violated Plaintiff's right of equal protection of the law. V.(3). Defendant Hodge violated Plaintiff's right to due process of law. V.(4). Defendant's Peterson and Armstrong violated Plaintiff's right of due process. V.(5) Defendant Hodge deprived Plaintiff his rights of due process of law. V.(6). Defendant Wellhausen denied Plaintiff due process of the law. V.(7).

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff request this Court to issue an injunction ordering the Defendants to reinstate Plaintiff's sixty six ((66) days of earned gain time and that the Defendants be ordered to pay Plaintiff $5,000.00 each for their unconstitutional acts against Plaintiff.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

February 19, 2012
(Date)

Tommy L. Benton
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 2nd day of March, 20 12.

Tommy L. Benton
(Signature of Plaintiff)

Revised 03/07

7

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

NOV 18 2011

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From: Benton   Tommy   L.   661443   Jackson C.I.
    Last   First   Middle Initial   Number   Institution

Part A – Inmate Grievance    11-6-35104

This appeal is envoked and submitted under the authority of F.A.C. Chapter 33-103 and in disagreement with the Warden's denial of this appeal on the institution level. On October 14, 2011 I received a disciplinary report from Lt. Lawrence entiled Lying To Staff. On 10/18/11, officer Peterson came to my confinement cell to investigate the report in question, during the investigation Officer Armstrong interferred and stated to me, "shut the fuck up". I told him he is in violation for cursing at me and that he is not the investigating officer and he had nothing to do with the investigation. At that point Officer Armstrong denied me an impartial investigation as required by DOC policy and my protected right procedural due process guarenteed under both the Florida and United States Constitutions. Furthermore, the statement of facts of the report Lt. Lawrence said that, "I advised her that I had been asking for a request for administrative remedy or appeal and inmate request forms all day," however, I never told her I had been asking for the forms all day, I said I've been asking for them all week. She then indicated in her report that she asked Officer Green and he said that I never asked him that day for the forms. Therefore, I never lied to staff. Do Lt. Lawrence think if she ask an officer is he performing his duty according to policy, what is he suppose to say, no? I don't feel I should have received this DR nor should I have been found guilty and placed into confinement for 60 days and all my hard earned gain time took, and Lt. Lawrence never investigated the matter at all because my cellmate to her that I was not lying and I was refused making a written statement or having my witness submit one. How could the Hearing Chairman Lie on the Finding and Action Form stating, "Witness Statements Were Read Into Evidence And Considered? Impossible!

11/14/11
DATE

Tommy L. Benton #661443
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___0___ / Tommy L. Benton
                                                                                #    Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 11/14/11   Institutional Mailing Log #: 1141-04   (Received By)
              (Date)

OSA
(9-10)
10-14-4

DISTRIBUTION:    INSTITUTION/FACILITY    CENTRAL OFFICE
                          INMATE (2 Copies)         INMATE
                          INMATE'S FILE              INMATE'S FILE - INSTITUTION./FACILITY
                          INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                                            CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 2/05)              Incorporated by Reference in Rule 33-103.019, F.A.C.    104

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

RECEIVED
OCT 28 2011
INMATE GRIEVANCE
DEPARTMENT OF CORRECTIONS

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From: _Benton_, _Tommy_ _L._   _661443_   _Jackson Correctional Institution_
      Last     First   Middle Initial    Number           Institution

Part A – Inmate Grievance    _11-6-32841_

This grievance is submitted directly to the Secretary in accordance to Chapter 33-103 F.A.C and the reason for by passing the institutional level is because I'm in fear of my safety due to the unprofessional behavior by staff here at Jackson C.I.. I'm afraid to inform the Administration because on 10/14/11 Lt. Lisa Lawrence made her rounds in disciplinary confinement and being that she is the Administration Lt., I informed her that C.O. Jamie Green the Unit Officer refused to issue formal grievance and request forms, she in return ask C.O. Green did I ask him for the above forms and he replied, "Inmate Benton never asked me." I have my cellmate to verify these facts but I couldn't involve him because of staff retaliation. Lt. Lawrence and C.O. Green conspired and falsified disciplinary report against me for Lying To Staff, after she fabricated the report on 10/14/11, the day of the investigation 10/19/11 C.O. Green and Sgt. Green the unit supervisor each came to my cell door at different times and they each kicked my door and stated, "Inmate Benton stop kicking the door" when I never kicked the door once. C.O. Green came during lunch and stated to me, I told you I would get your ass, now you are getting gased." I'm in fear of my life because I'm on Blood Pressure Medication my blood pressure was 168 over 143 three days before I got maced for no reason, all these problems come to me for reporting CO Green to the O.I.C for denying me formal grievance and request, I could have died being maced with my blood pressure that high. I'm in fear of my life please send someone to interview me from the Inspector General Office, I also have witnesses that I can't name in the grievance in fear of their safety. Furthermore, I had a perfect institution adjustment, in less than one month I have 210 days disciplinary confinement and loss of all my earned gain time all because of staff conspiracy. I don't know if they found out that I got a add charge for battery on a correctional officer here in 1992, I'm not sure if these are the officer's family or friends. I don't feel I should have been classified to come back to this institution. Please Save Me, Please!

_10/23/11_                               _Tommy L. Benton, #661443_
DATE                                     SIGNATURE OF GRIEVANT AND D.C. #

This Grievance Was Sent In A Sealed Envelope.

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  _0_ / _Tommy L. Benton_
                                                                       #        Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log #: _____         (Received By) _104_
                            (Date)                                                                     _104_

DISTRIBUTION:   INSTITUTION/FACILITY              CENTRAL OFFICE
                INMATE (2 Copies)                 INMATE
                INMATE'S FILE                     INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE      CENTRAL OFFICE INMATE FILE
                                                  CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

MAILED/FILED
DEC 0 1 2011

**PART B - RESPONSE**

| BENTON, TOMMY | 661443 | 11-6-35104 | JACKSON C.I. | Y1101U |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

You have not presented sufficient evidence or information to warrant overturning the disciplinary report.

Your administrative appeal is denied.

G. WELLHAUSEN

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

DATE: 11/31/11

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Case 3:12-cv-00101-LC-EMT   Document 1   Filed 03/06/12   Page 15 of 18

MAILED/FILED
WITH AGENCY CLERK

NOV 10 2011

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| BENTON, TOMMY | 661443 | 11-6-32841 | JACKSON C.I. | H2216 |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated. The issue of your complaint has been referred to the investigative section of the Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

As action has been initiated, you may consider your appeal approved from that standpoint.

G. WELLHAUSEN

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

10/31/11
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
OCT 26 2011
ASSISTANT WARDENS OFFICE

TO: ☒ Warden  ☐ Assistant Warden  ☐ Secretary, Florida Department of Corrections

From: Benton, Tammy L.  661443  Jackson C.I.
Last  First  Middle Initial  Number  Institution

05A Discipline  1110 104-053

## Part A – Inmate Grievance

This appeal is submitted in accordance to Chapter 33-103 and in reference to a disciplinary report written against me on 10/14/11 for Lying To Staff by Lt. Lisa Lawrence Log #104-111064. On 10/19/11 C.O. Peterson delivered the charge, she asked did I want to fill out a witness statement and did I have any witness, I stated yes to both question. After hearing that Lt. Lisa Lawrence wrote me a disciplinary report for lying to staff as I spoke with the investigating officer, Officer Armstrong tried to take over I stated, "I'm not talking to you and Officer Peterson is investigating this D.R., he slammed the food flap and denied me my right to call witnesses or to make my own statement. Therefore I will make my statement now. If the administrative staff here will start to investigate the allegation told to them as required by DOC Policies alot of these issues will not occur. First of all do Lt. Lawrence think Officer Green will tell her, "Inmate Benton asked me for an inmate request and DC-303 forms and I refused them to him?" I did not lie to Lt. Lawrence and no one else she just conspired with Officer Green and fabricated the report in question. I told Lt. Lawrence then and I will tell her until the day yall kill me back here that Officer Green refused me and my cellmate the forms in question stating, "Now is not the time or I'll bring them at 2:30 P.M. but he never do." I assume Lt. Lawrence think an officer will admit that he is not properly performing his job duty so that he will be reprimand in stead of a escapegoat inmate. Thats why I have refused to attend the hearing because I'm in fear of my safety at this point, after reporting this violation by staff to the administration. "Lt. Lawrence" she conspire to clear Officer Green and punish me for no cause and have all 60 days of my gain time taken because C.O. Green lied to her. I feel this report should dismissed for the lack of proof or at least restore my gain time I worked so hard for in the kitchen when over 700 inmates get gain time here for doing nothing. I contend that CO Green did and still do refuse me DC-303's and inmate requests and a simple investigation will prove these facts. I will never leave my cell on the Administration Shift!

10/23/11  Tommy L. Benton, #661443
DATE  SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

MAILED / FILED: 11-4-11

# ___  Tommy L. Benton
Signature

## INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____  Institutional Mailing Log #: _____  _____
(Date)  (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY  CENTRAL OFFICE
  INMATE (2 Copies)  INMATE
  INMATE'S FILE  INMATE'S FILE - INSTITUTION/FACILITY
  INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
   CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| BENTON, TOMMY | 661443 | 1110-104-053 | JACKSON C.I. | H2216L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Request for Administrative Remedy or Appeal has been reviewed and investigated with the following finding:

Pursuant to Department of Corrections Rules Chapter 33-103.013 F.A.C., if an inmate files more than one grievance or appeal dealing with the same or very similar issues, the institution or central office has the option of consolidating these grievances for purposes of providing a response to the inmate. Your Requests for Administrative Remedy or Appeal have been consolidated for response (1110104-054 and 1110104-053).

Investigation of your complaint reveals that the Disciplinary Report you are grieving, charging you with violation of 9-10, lying to staff member or others in official capacity or falsifying records, dated October 14, 2011, log number 104-111064, has been thoroughly reviewed and the Disciplinary Team found you guilty based on the information furnished through the investigation and the Reporting Officers statement that while she, Correctional Officer Lieutenant L. Lawrence was conducting rounds in disciplinary confinement, you stopped her and stated that you had been asking for a Request for Administrative Remedy or Appeal form and an Inmate Request form all day and the confinement officer Jamie Green would not give you one. Correctional Officer Lieutenant L. Lawrence advised you that she would see that you received both. Correctional Officer Lieutenant L. Lawrence questioned Correctional Officer Green and he stated that you had not asked him for anything that day. During the investigation, you refused to be interviewed and refused to sign the Witness Disposition form or the Documentary or Physical Evidence Disposition form. Failure to complete and sign Section 11 of these forms will result in a waiver of the opportunity to call witnesses either live or by written statement and the waiver of the opportunity to have documentary or physical evidence presented at hearing. You became disorderly when you were being interviewed. The witness statement from Correctional Officer J. Green was read and considered at the hearing. You have not provided evidence to substantiate your allegation that staff furnished false information, nor any information which would warrant the overturning of the disciplinary report. Review of the disciplinary report reveals that the facts stated were sufficient to support the charge and the information necessary to understand the charge was clearly stated. Furthermore, it is the responsibility of the team to weigh the facts, review all the statements and determine the credibility of the witnesses. In this case the team accepted the officer's statement as the most credible. If you have concerns regarding staff and your safety, you may write to the Institutional Inspector R. Johnson, advising him of same. You have presented no new information or evidence not already considered in this case.

There is not sufficient basis for voiding the Disciplinary Report.

Based on the above information, your Request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachment(s) as required by the Department of Corrections Rules Chapter 33-103.007 (3) (a) and (b) F.A.C., and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399.

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE: 11-4-11

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Tommy Lee Benton, #661443
Santa Rosa Correctional Institution
5850 East Milton Road  G-Dorm
Milton, Florida 32583

MAILED FROM
A STATE CORRECTIONAL
INSTITUTION



Clerk, U.S. District Court
30 W. Government Street
Panama City, Florida
32401