IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOMMY LEE BENTON,
Inmate #661443,
    Plaintiff,

vs.                                   Case No.:  3:12cv101/LAC/EMT

G. WELLHAUSEN, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on March 4, 2012 (doc. 1 at 1).  He also filed a motion for leave to proceed in forma pauperis (doc. 2).

    Plaintiff names eight Defendants in this lawsuit:  G. Wellhausen, a representative of the Secretary of the Florida Department of Corrections ("FDOC"); Ronald K. Hodge, Assistant Warden of Jackson Correctional Institution ("Jackson C.I."); and six officers at Jackson C.I., including Lieutenant Lisa Lawrence, Lieutenant Abner A. Bowen, Officer Howell Hewett, Officer Jamie Green, Officer Timothy Armstrong, and Officer D. Peterson (doc. 1 at 3).[1]  Plaintiff claims Defendant Green violated his First Amendment right to seek redress of grievances by refusing to provide inmate request and grievance forms on October 14, 2011 (*id.* at 7, 11).  He claims that Defendants Green and Lawrence retaliated against him for complaining about Green's conduct by filing a false disciplinary report charging him with lying to staff (*id.* at 7–8, 11).  Plaintiff claims Defendants Peterson and Armstrong violated his due process rights by failing to properly investigate the disciplinary infraction (*id.* at 8–9, 11).  He claims that the disciplinary hearing team, comprised

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

of Defendants Hewett and Bowen, violated his due process rights by convicting him of the disciplinary infraction without sufficient evidence (*id.* at 8, 11). Plaintiff states as a result of the disciplinary report, he was placed in disciplinary confinement for sixty (60) days and lost all of his earned gain time (*id.* at 8). He claims Defendants Hewett and Bowen violated his equal protection rights by imposing a less severe punishment upon his cellmate, who was convicted of the same disciplinary infraction (*id.* at 8, 11). Plaintiff claims that Defendants Hodge and Wellhausen violated his due process rights by denying his appeals of the disciplinary conviction without adequately investigating Plaintiff's allegations (*id.* at 9–10, 11). Plaintiff seeks injunctive relief and monetary damages (*id.* at 11).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff was clearly a prisoner when he filed the instant civil rights action. Further, the court takes judicial notice of two cases previously filed by Plaintiff in the United States District Court for the Middle District of Florida and one case he previously filed in the Southern District of Florida: Benton v. Jenne, Case No. 0:98cv07389-WPD, Benton v. Nugent, 8:09cv01454-JDW-TGW, and Benton v. Nugent, Case No. 8:10cv02734-JSM-AEP. According to the complaints in those cases, Plaintiff was incarcerated at the time of filing each of those cases. Each of those cases was previously dismissed by the district court for failing to state a claim upon which relief may be granted and thus qualifies as a "strike" under § 1915(g).[2] Therefore, Plaintiff may not proceed in

---

[2] Case No. 0:98cv07389-WPD was dismissed on August 11, 1999, for failure to state a claim for which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(2). Case No. 8:09cv01454-JDW-TGW was dismissed on August 5, 2009, for failure to state a claim for which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). Case No. 8:10cv02734-JSM-AEP was dismissed on December 13, 2010, for failure to state a claim for which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

Case No.: 3:12cv101/LAC/EMT

forma pauperis in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

Plaintiff's allegations in the instant complaint do suggest he is under any danger of physical injury, let alone an imminent threat of serious physical injury. Therefore, he does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis.

Case No.: 3:12cv101/LAC/EMT

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1.  That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2.  That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 20th day of March 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:12cv101/LAC/EMT